# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**KALLENTINO D. WILLIAMSON, SR.**                      **PLAINTIFF**

**v.**                                **CIVIL ACTION NO. 3:19-CV-P242-JHM**

**C/O BALLARD** *et al.*                                        **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff Kallentino D. Williamson filed a *pro se* complaint on a Court-supplied § 1983 prisoner civil-rights form on March 19, 2019 (DN 1).[1] On May 8, 2019, Plaintiff filed a handwritten "motion to ammend claim" (DN 8). On May 22, 2019, the Court entered an Order directing Plaintiff to file, within 30 days of entry of the Order, an amended complaint on a Court-supplied § 1983 form, which included all claims Plaintiff sought to assert in this action against all persons he sought to name as Defendants as well as the relief sought. The Order stated that the amended complaint would supersede the original complaint and Plaintiff's "motion to ammend claim." Plaintiff was warned that his failure to timely comply with the Order would result in dismissal of the instant action.

More than 30 days have passed, and Plaintiff has failed to comply with the Court's Order or to otherwise take any action in this case. Upon filing the instant action, Plaintiff assumed the responsibility to actively litigate his claims. Federal Rule of Civil Procedure 41(b) permits the Court to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons,

---

[1] Under the prison mailbox rule, the complaint is deemed filed when presented to prison officials for mailing. *Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)). Plaintiff certifies that he delivered his complaint to the prisoner mail system for mailing on March 19, 2019.

particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, the Court finds that Plaintiff's failure to comply with a straightforward order, despite being warned that dismissal would occur without compliance, shows that Plaintiff has abandoned any interest in prosecuting this action. Therefore, this action will be dismissed by separate Order.

Date: July 2, 2019

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.011

2